**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4735

JASON CONRAD POOLE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-96-238-AW)

Submitted: September 29, 1998

Decided: October 14, 1998

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert W. Biddle, H. Allen Black, III, OBER, KALER, GRIMES &
SHRIVER, Baltimore, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Ranganath Manthripragada, Assistant United
States Attorney, Barbara S. Skalla, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jason Conrad Poole appeals his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Poole challenges several aspects of the conduct of his trial. We affirm.

I

On June 8, 1996, several FBI agents with a warrant for Jason Poole's arrest stopped a Nissan Maxima in which Poole was riding. As the agents approached the car, they saw Poole lean forward and speak to the driver. The car then pulled over a curb and drove away, with the agents in pursuit. During the chase, Agents Sparks and Lisi saw Poole reach through the Maxima's sunroof and throw a soft-ball sized, blue and white object onto the shoulder of the road as the car drove on. Agent Lisi visually marked the spot, and they continued on after the Maxima. The agents lost sight of the car, but were aided by pedestrians who told them where it had gone. When the agents discovered the Maxima parked on the street, Poole was not nearby. Agent Giuliano found Poole approximately three blocks from the car. Poole was carrying $2206 in cash in his right pants pocket and $2400 in cash in his left pants pocket. One of the bills was missing a corner, which was later found in the Maxima. Poole stated his name was Michael Walker, and denied knowing anything about the Maxima.

Agents Sparks and Lisi returned to look for the object that had been thrown from the car, and were able to locate it quickly because of their visual marking of the spot. They found a blue and white Handi-wipe next to a plastic bag containing off-white chunks that were later tested and found to be 56.6 grams, approximately two ounces, of crack cocaine.

2

The jury found Poole guilty of the charge. The district court sentenced him to 262 months imprisonment, to be followed by ten years supervised release.

II

At trial, FBI Agent Rawls testified as an expert on the sale price and packaging of crack cocaine in Washington, D.C., in June 1996. He testified that the market value of two ounces of crack cocaine was between $2200 and $2500. Poole asserts that the district court's ruling permitting this testimony was error on several grounds: (1) the evidence was inadmissible as evidence of prior bad acts under Fed. R. Evid. 404(b); (2) the evidence was inadmissible under Fed. R. Evid. 702; and (3) the evidence was inadmissible under Fed. R. Evid. 403.

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The rule is one of inclusion, rather than exclusion. United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3778 (U.S. May 27, 1997) (No. 96-752). "The exception to admissibility under Rule 404(b) prohibits proof of a defendant's character to show conduct in conformity therewith because evidence of a person's character supplies an inadequate causal link between it and the specific conduct sought to be established." United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3704 (U.S. Apr. 27, 1998) (No. 97-8487).

Here, the testimony of Agent Rawls was not evidence of prior bad acts within the meaning of Rule 404(b). The Government qualified Rawls as an expert concerning the street value of crack cocaine in Washington, D.C., at the time of the arrest. The direct examination, once Rawls was qualified as an expert, covered two pages of transcript. Rawls testified about different weights of crack that are commonly sold. He testified that an ounce of crack could be sold in the Washington area in June 1996 for $1000 to $1500, with some discount for the sale of two ounces. He stated that two ounces might have sold for $2200 to $2500. That was the substance of Rawls's tes-

3

timony on direct. He made no statement as to any prior crime or bad act of Poole, and in fact made no reference to Poole at all. The fact that the jury might have drawn some inference as to the source of the cash found in Poole's pockets upon his arrest does not amount to prior bad acts testimony under Rule 404(b). Therefore, Poole is entitled to no relief on this ground.

The parties stipulated for trial that "the person who possessed the drugs in this case knew that they were drugs and intended to distribute them." Poole suggests that Rawls's testimony was irrelevant in view of this stipulation. But the district court has broad discretion in ruling on the relevance and admissibility of evidence in general, which we will not reverse absent an abuse of discretion. United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995). To the extent that Poole seeks to argue that the relevance of the evidence was outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading the jury . . .," Fed. R. Evid. 403, such an argument cannot prevail. "Rule 403 judgments are preeminently the province of the trial courts. We thus review a district court's admission of evidence over a Rule 403 objection under a broadly deferential standard." United States v. Love, 134 F.3d 595, 603 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3790 (U.S. June 16, 1998) (No. 97-9085). The district court's ruling is overturned only under extraordinary circumstances, where the district court plainly has abused its discretion by acting arbitrarily or irrationally. United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990). The evidence is reviewed in the "light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." Id. Evidence that the cash found on Poole at his arrest was in an amount substantially equal to the amount that would be received from two sales of two ounces of cocaine could reasonably implicate Poole as the one in possession of another lump of crack cocaine weighing about two ounces, and therefore be relevant in establishing the identity of the individual who threw the drugs from the car. Defense counsel himself, on cross-examination, elicited information that an individual with a large amount of cash in certain denominations and packaged a certain way is likely to be associated with drugs.

Poole suggests that the evidence was improperly admitted under Fed. R. Evid. 702. This court reviews the district court's ruling on

4

expert testimony for abuse of discretion. United States v. Dorsey, 45 F.3d 809, 812 (4th Cir. 1995). Expert testimony must be both relevant and reliable to be admissible. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 587 (1993). Poole does not challenge the reliability of Rawls's testimony, but alleges that it was irrelevant and confusing. Rule 702's basic standard of relevance is a liberal one. Id. As discussed above, the evidence was relevant and not unduly prejudicial. In addition, although not requested to do so, the district court did instruct the jury to focus only on the offense charged, noting that Poole was not being tried for any other conduct. Therefore, we find no error in the admission of Rawls's testimony.

III

The district court allowed a Government witness to testify that Poole gave agents a false name at the time of his arrest and denied that he had been in the Maxima. Poole argues that admission of this evidence of uncharged criminal misconduct was error under Fed. R. Evid. 403, 404(b). The evidence, however, is relevant to show Poole's guilty knowledge and an attempt to disassociate himself from the Maxima. Nor was the evidence introduced to prove character or action in conformity therewith; instead, it was relevant to identity and intent. Therefore, the district court did not abuse its discretion in admitting this evidence. See Queen, 132 F.3d at 995.

Poole also argues that the evidence that he gave a false name and false exculpatory evidence was unduly prejudicial under Fed. R. Evid. 403. However, this evidence is not likely to have excited the jury "to irrational behavior, [so] that this risk [was] disproportionate to the probative value of the . . . evidence." United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995).

IV

Poole asserts that an event that took place during the trial constituted a violation of the district court's sequestration order and Fed. R. Evid. 615. No objection was made during trial; therefore, we evaluate the claim for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993).

5

According to the testimony of Agent Sparks during cross-examination, no one had measured the distance from the spot the drugs were thrown from the car to the next intersection. After trial that day, Government counsel asked Agent Reilly, the case agent, to request Agent Lisi, who would testify the next day, to measure the distance. On cross-examination, Poole's counsel pursued the facts surrounding this request. Lisi testified that Agent Reilly told him "the prosecutor thought it might be necessary for me to try to get an exact measurement from the blue rag to the light." Reilly did not in any way discuss any prior testimony, merely stating that the prosecutor thought the distance might be relevant.

There is no evidence here that Agent Lisi's testimony was tainted by hearing the testimony of other witnesses. United States v. Cropp, 127 F.3d 354, 363 (4th Cir. 1997), cert. denied , ___ U.S. ___, 66 U.S.L.W. 349 (U.S. Jan. 26, 1998) (No. 97-7265). The conduct complained of does not constitute violation of the sequestration order; hence, there is no error. Poole is entitled to no relief on this claim.

V

During their deliberations, the jurors asked the district court, among other things, that they be allowed to "review your definition of possession in your instructions to the jury." Although counsel for Poole did not object to the initial instruction, or to sending the instruction back to the jury, he did object to including an example regarding constructive possession on the ground that it was irrelevant and the example would be improperly emphasized if it was sent back. The district court overruled the objection.

On appeal, Poole reiterates this claim. As Poole did not object to the instruction when it was given by the court, we can review its contents only for plain error. United States v. Ellis, 121 F.3d 908, 923 (4th Cir. 1997); cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-7095); see Fed. R. Evid. 30. We review the district court's decision to allow the jury to have a written copy of the court's charge for abuse of discretion. United States v. Sotelo, 97 F.3d 782, 792 (5th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3648 (U.S. Mar. 24, 1997) (No. 96-7954).

6

The instruction that was sent back to the jury explained actual possession, with an example, and constructive possession, with two examples. The instruction contained a warning that possession could not be based only on proximity, presence, or association, but that those factors could be considered with all the evidence. The jury requested the entire instruction on possession, not just that on constructive possession. The district court did not abuse its discretion in sending the instruction to the jury; nor was the instruction itself plain error. Olano, 507 U.S. at 736-37.

VI

Poole argues that comments in the prosecutor's closing argument are reversible error. Poole made no objection to these comments; therefore, we review the issue for plain error. United States v. Mitchell, 1 F.3d 235, 239 (4th Cir. 1993).

None of the statements cited by Poole, either separately or cumulatively, amount to the type of prejudicial, plain error that would entitle Poole to relief. See United States v. Morsley , 64 F.3d 907, 912-14 (4th Cir. 1995) (setting forth standards to evaluate prosecutorial comments). Therefore, he is entitled to no relief on this claim.

We affirm Poole's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7